## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACINTO DESOUSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-09-109 FWW |
| | ) | |
| STATION BUILDERS, INC., a foreign | ) | |
| corporation, ADAM MCMILLAN | ) | |
| CONSTRUCTION, LLC, a limited | ) | |
| liability domestic company, and D.R. | ) | |
| HORTON, INC. – NEW JERSEY, a | ) | |
| foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 13, 2021
Decided: January 3, 2022

*Upon Defendant Adam McMillan Construction, LLC's Application for Certification of Interlocutory Order to the Delaware Supreme Court,*
**DENIED.**

## <u>ORDER</u>

Arthur M. Krawitz, Esquire, and Tara E. Bustard, Esquire, Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, DE 19805, Attorneys for Plaintiff Jacinto DeSousa.

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, 2 Penn's Way, Suite 300, New Castle, DE 19720, Attorney for Defendant Adam McMillan Construction, LLC.

Danielle K. Yearick, Esquire, Tybout, Redfearn & Pell, 750 Shipyard Drive, Suite 400, P.O. Box 2092, Wilmington, DE 19899, Attorney for Defendant D.R. Horton Inc. – New Jersey.

**WHARTON, J.**

This 3rd day of January 2022, upon consideration of Defendant Adam McMillan Construction, LLC's ("AMC") Application for Certification of Interlocutory Order to the Delaware Supreme Court from an Order of this Court dated December 3, 2021,[1] and the record in this case,[2] the Court finds that such order does not determine a substantial issue of material importance that merits appellate review before a final judgment and denies the application. This action originated when Plaintiff Jacinto DeSousa ("DeSousa") sued the Defendants for injuries sustained from a work-related construction site accident. DeSousa sued Station Builders, Inc. ("Station Builders"), which had engaged his employer, Wellington Nunez; AMC, the general contractor, which had hired Station Builders; and the property owner, D.R. Horton, Inc. – New Jersey ("Horton"), which had hired AMC.[3] The Court entered a default judgment against Station Builders on September 24, 2018.[4] The Court then denied AMC's motion to dismiss on October 8, 2019.[5] In that Order, the Court held that AMC was not entitled to the exclusivity provision of 19 *Del. C.* § 2304, because AMC was not deemed to be DeSousa's employer.[6] AMC

---

[1] AMC's App. for Cert. of Interloc. Order, D.I. 113.
[2] Defendant D.R. Horton, Inc. – New Jersey and Plaintiff Jacinto DeSousa did not respond to the application.
[3] Pl.'s Third Amend. Compl., D.I. 23.
[4] D.I. 45.
[5] *DeSousa v. Station Builders*, *et al.*, 2019 WL 5394166 (Del. Super., Oct. 8, 2019) (*DeSousa* I).
[6] *Id.*

next moved *in limine* to preclude DeSousa from introducing evidence of medical specials and/or indemnity payments made by Liberty Mutual Insurance Company ("Liberty Mutual") pursuant to DeSousa's workers' compensation claim.[7] The Court denied that motion,[8] The Order denying that motion is the subject of AMC's application for interlocutory review. In making its determination to deny the application, the Court has considered the following criteria of Supreme Court Rule 42(b)(iii), and has concluded as follows as to each criterion:

1. **Rule 42(b)(iii)(A).** The interlocutory order resolves a question of law resolved for the first time in this state. The issue resolved by the interlocutory order was predicated on a narrow set of facts. AMC first moved to dismiss this tort action because it claimed that as DeSousa's employer it was entitled to the exclusivity protections of 19 *Del. C.* § 2304.[9] But, AMC had failed to ensure that its subcontractor Station Builders had provided workers compensation insurance, and so while it was deemed to have provided workers' compensation insurance under 19 *Del. C.* § 2311(a)(5), it was not deemed to be his employer.[10] The Court held that because AMC was not deemed to be DeSousa's employer, it could not avail

---

[7] AMC's Mot. *in Lim*., D.I. 98.
[8] *DeSousa v. Station Builders, et al.,* 2021 WL 5754745 (Del. Super., Dec. 3, 2021) (*DeSousa* II).
[9] AMC's Mot. to Dismiss, D.I. 64.
[10] *DeSousa* I, at *3.

3

itself of the exclusivity protections of § 2304 and could be sued in tort.[11] Next, AMC moved *in limine* to preclude DeSousa from introducing evidence of the medical specials and indemnity payments he received as workers' compensation benefits from Liberty Mutual, AMC's workers' compensation carrier.[12] AMC argued that as a tortfeasor it had funded DeSousa's compensation and so should be credited with the payments made by Liberty Mutual.[13] Those payments were subject to a statutory lien in Liberty Mutual's favor, however.[14] The Court observed that, "The real problem for AMC in claiming credit for the benefits paid by Liberty Mutual is that the benefits come with strings. DeSousa did not receive the benefits free and clear. They are subject to Liberty Mutual's lien."[15] Thus the question presented to the Court was whether AMC could receive credit to payments made by its workers' compensation carrier when those payments were subject to a lien by that carrier. AMC claims the interlocutory order resolved that question for the first time in this state. The Court disagrees, as support for the Court's ruling is found in *Bounds v. Delmarva Power & Light,*[16] upon which the Court relied. Nonetheless, assuming for the sake of argument that the interlocutory order does resolve a question of law

---

[11] *Id.*
[12] AMC's Mot. *in Limine*, D.I. 98.
[13] *Id.*
[14] *DeSousa* II at *1, 3.
[15] *Id.,* at *3.
[16] 2004 WL 343982 (Del. Super., Jan. 29, 2004).

for the first time in this state, the Court finds the satisfaction of this criterion insufficient to warrant interlocutory review when considered in light of the Court's review of the other criteria below and the guidance of Rule 42(b)(ii). The issue designated in the interlocutory appeal is unexceptional. Thus, the Court finds that the issue raised by AMC is not a substantial issue of material importance that merits appellate review before final judgment.

2.    **Rule 42(b)(iii)(C).**    The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order. AMC contends that the interlocutory order, in construing 19 *Del. C.* § 2311, disregarded the plain language of § 2363(e). AMC argues that the interplay of the two statutes is an issue not previously addressed by the Delaware Supreme Court, and one which should be reviewed by that court prior to trial.[17] The Court disagrees that it disregarded the plain language of § 2363(e). Rather, it determined that because the workers' compensation benefits were subject to Liberty Mutual's lien AMC was not entitled to credit for those benefits. To the extent that this determination constituted a construction or application of a statute, it is not one, in the Court's view, that should be settled by the Supreme Court in advance of appeal.

---

[17] D.I. 113.

3. **Rule 42(b)(iii)(H).** Review of the interlocutory order may serve considerations of justice. AMC believes that review is in the interests of justice in order to avoid a possible reversal of the trial court's order after the parties have tried the case. AMC believes that resolution of the contested issue "will significantly affect the disposition of the lawsuit as a whole, allow the parties to avoid the length and cost of trial, and make unnecessary the expenditures of Delaware's judicial resources and attendant burden on its citizenry."[18] While all of that is no doubt true, it is not unusual and is insufficient to merit appellate review.

4. **Rules 42(b)(iii)(B) and (D)-(G).** AMC has not argued these portions of Rule 42.

**THEREFORE, IT IS ORDERED** that Defendant, Adam McMillan Construction, LLC's Application for Certification of Interlocutory Order to the Delaware Supreme Court in accordance with Rule 42 of that Court is **DENIED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[18] D.I. 113.